# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

---

|  |  |  |
|---|---|---|
| ISAAC RIVERA, | : | Civil No. 08-391 (FLW) |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

---

**WOLFSON, District Judge:**

Presently before the Court is Petitioner Isaac Rivera's ("Petitioner" or "Rivera") motion to vacate, set aside or correct his 216 month sentence pursuant to 28 U.S.C. § 2255. Petitioner asserts: (1) that the United States committed prosecutorial misconduct by refusing to submit a downward departure motion pursuant to U.S.S.G. § 5K1.1; and (2) that his counsel was ineffective by failing to challenge the Government's refusal to file a downward departure motion. Respondent United States of America ("Respondent" or the "Government") moves to dismiss Petitioner's motion. For the following reasons, the Court denies Petitioner's motion, and thus, dismisses his petition.

## BACKGROUND AND PROCEDURAL HISTORY

The current petition arises from the re-sentencing of Rivera, which occurred on March 15, 2005 before this Court. Petitioner was involved in an extensive drug-trafficking conspiracy that imported large quantities of cocaine powder from Puerto Rico. On June 5, 2001, a federal grand jury issued a one-count indictment charging Rivera and eleven co-conspirators with drug trafficking conspiracy in violation of 21 U.S.C. § 846. Thereafter, on October 9, 2001, the grand

jury issued a two count superceding indictment against only Rivera. On November 14, 2001, Rivera and the Government entered into a plea agreement ("Agreement"). One of the terms of the Agreement is a "cooperation provision" that was predicated upon a conditional obligation. The provision states that if Petitioner "provide[s] substantial assistance in the investigation or prosecution of one or more persons who have committed offenses," the Government, in its sole discretion, could file a downward departure motion pursuant to U.S.S.G. §5K1.1. See Plea Agreement, p. 4.

Having signed the Agreement, Petitioner pleaded guilty on November 30, 2001, before the Honorable Jerome B. Simandle, U.S.D.J., to count one of the superseding indictment. Following Petitioner's guilty plea, the Probation Office prepared a Pre-Sentence Investigation Report. In the Report, Probation recommended that the Total Offense Level yielded a total of 39 because of Petitioner's aggravated role. This was contrary to the Agreement, wherein both Petitioner and the Government stipulated that the Total Offense Level was 35. At the sentencing hearing, the Government voiced its agreement with Probation's finding. Judge Simandle, as well, agreed with, and adopted, the level recommended by Probation. Petitioner then appealed his sentence to the Court of Appeals.

On February 9, 2004, the Court of Appeals vacated the sentence for reasons unrelated to the current motion, concluding that the Government breached the Agreement by adopting Probation's recommendation, re-assigned the case to the undersigned, and remanded to this Court for re-sentencing. United States v. Rivera, 357 F.3d 290 (3d Cir. 2004). Upon remand, this Court conducted the re-sentencing hearing on March 18, 2005, and ultimately concluded that the total offense level was thirty-five (35), as stipulated in the Agreement, and imposed a sentence of 216 months. See Exhibit H, Sentence Hearing Transcript dated March 18, 2005. While the

2

Government did not file a downward departure motion because it determined that Petitioner had not provided substantial assistance under the Agreement, this Court, nonetheless, addressed Petitioner's cooperation with the Government. Having heard counsel's positions on this issue, the Court concluded that while the Government did not pursue a downward departure motion, the Court would consider Petitioner's efforts in providing certain information when devising Petitioner's sentence in accordance with the 18 U.S.C. §3553(a) factors. Id.

Petitioner then appealed his re-sentencing. He argued that this Court failed to properly consider his cooperation with the Government, and thus, imposed a sentence greater than the amount necessary in violation of 18 U.S.C. § 3553(a). However, the circuit court concluded that Petitioner's appeal was without merit because, "the record reveals that the re-sentencing court carefully considered the extent of [Petitioner's] cooperation..." United States v. Rivera, 213 Fed. Appx. 112, 114 (2007). Thus, the Third Circuit affirmed this Court's decision. Id.

On January 14, 2008, Petitioner filed this timely pro se Petition for Habeas Corpus pursuant to 28 U.S.C. §2255, raising his claims of (1) prosecutorial misconduct of the Government by refusing to submit a downward departure motion pursuant to U.S.S.G. §5K1.1; and (2) ineffective assistance of counsel.

## DISCUSSION

### I. Cooperation Agreement

Petitioner asserts that the Government violated his due process rights by "withholding" information from this Court regarding his cooperation with the Government and by refusing to submit a downward departure motion pursuant to U.S.S.G. §5K1.1. In that regard, Petitioner submits that the Government breached the Agreement.

Petitioner claims that he identified two individuals, Raymond Morales and Karah Moore, to law enforcement officials and provided information regarding their alleged criminal activities, but that he only became aware of Morales' subsequent arrest after reading a June 2007 newspaper article[1]. Because of the arrest, Petitioner argues that the information he provided to the Government was "substantial." Petitioner further contends that the Government is compelled by the Agreement to file a downward departure motion, thereby decreasing his sentence.  In response, the Government defends its decision not to file a §5K1.1 motion because the information given by Petitioner was not substantial and did not result in the arrest, apprehension or investigation of any individual relating to information obtained from Petitioner. See Exhibit H.

The sentencing guidelines provide that "upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." U.S.S.G. §5K1.1. Since §5K1.1 expressly leaves to the government the discretion to file such a motion, it is clear that in the absence of a plea agreement, "a district court has an extremely limited role in reviewing the government's refusal to move for a departure." United States v. Isaac, 141 F.3d 477 (3d Cir. 1998).

In Wade v. United States, 504 U.S. 181 (1992), the Supreme Court held that in the absence of a plea agreement which obligates the government to file a §5K1.1 motion, "Federal district courts have authority to review a prosecutor's refusal to file a substantial assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional

---

[1] Although not clearly mentioned in Petitioner's §2255 motion, the Government has indicated that Karah Moore has also confessed to law enforcement officials that he murdered Pedro Cruz and is subsequently cooperating with the Government. McNamara's Affidavit ¶¶ 11-12.

4

motive." 504 U.S. at 185-186. According to Wade, "a defendant would be entitled to relief if a prosecutor refused to file a substantial-assistance motion … because of the defendant's race or religion. Id. at 186. The court's limited judicial review is based upon the notion that the courts should not treat a prosecutor's refusal to file a substantial assistance motion differently from a prosecutor's other decisions. Id.  Thus, "It follows that a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing." Id.

While the Court in Wade did not reach the question of the effect of a plea agreement on the prosecutor's discretion to file a §5K1.1 motion, the court in Isaac did consider whether the Government improperly withheld a §5K1.1 motion where the parties entered into a plea agreement that conditionally obligated the government to file a downward departure motion. The court opined that, "… although a plea agreement occurs in a criminal context, it remains contractual in nature and is to be analyzed under contract-law principles." Isaac, 141 F.3d at 481. Following United States v. Rexach, 896 F.2d 710 (2d Cir. 1990), the Court in Isaac held that in situations where the prosecutor has the "sole discretion" to determine if the defendant provided substantial assistance, a district court's review was limited to determining whether the prosecutor's refusal to seek a downward departure motion was made in "good faith." The Government's good faith is evaluated under a subjective, not an objective standard. Thus, "where the agreement is conditioned on satisfaction of the obligor, the condition is not met if the obligor is honestly, even though unreasonably dissatisfied." Id. at 482. The sole requirement is that the decision be based upon an honest evaluation. Simply put, when the Government makes a conditional promise to file a downward departure motion, the district court's role in reviewing

5

the Government's refusal to move for a downward departure is limited. <u>United States v. Huang</u>, 178 F.3d 184 (3d Cir. 1999).

Moreover, there is no requirement that an evidentiary hearing must be held every time a defendant challenges a prosecutor's discretion. Following <u>United States v. Imtiaz</u>, 81 F.3d 262 (2d Cir. 1996), the Court in <u>Isaac</u> reasoned that:

> "To trigger judicial review of the prosecutor's decision, the defendant must first allege that he … believes the government is acting in bad faith. The government may rebut this allegation by explaining its reasons for refusing to depart. If the government explains its reasons, the defendant must make a showing of bad faith to trigger some form of hearing on that issue. Unless the government's reasons are wholly insufficient, or unless the defendant's version of the events, supported by at least some evidence, contradicts the government's explanation, no hearing is required."

<u>Id.</u> at 484.

According to Petitioner, the fact that Morales and Moore have both pleaded guilty and ultimately confessed to numerous crimes in federal court, is "proof" that Petitioner has provided substantial assistance to the Government. However, Petitioner's information did not lead to the arrest and prosecution of these two individuals. As stated in Agent David McNamara's Affidavit, Morales was arrested in March 2003 while conspiring to possess thirty kilograms of cocaine. McNamara Affidavit, ¶ 4. "Law enforcement officials were able to arrest Raymond Morales during the delivery of the thirty kilograms of cocaine because those officials had obtained authorization to place wiretaps on two of Morales' cellular phones, and had used those wiretaps to intercept and record telephone conversations of Morales." McNamara Affidavit ¶ 5. Similarly, "Rivera provided [the Government] with very little information about Raymond Morales' drug-trafficking activities." McNamara Affidavit ¶15. Rivera never provided any information to the Government that was not previously known by investigators from other

6

sources; more importantly, investigators never used any information provided by Petitioner to obtain the 2003 state court order authorizing the wiretaps on Morales' cellular phone. McNamara Affidavit ¶ 16.

Furthermore, Agent McNamara also establishes that the Government never used any information provided by Petitioner regarding Karah Moore.  Indeed, Petitioner had allegedly asked a man named Ronnie Lopez to lie to law enforcement officials and claim that Petitioner was present during a confession where Karah Moore told Lopez he had killed a man named Pedro Cruz. McNamara's Affidavit ¶ 16. The purpose of that lie was to enable a reduction in Petitioner's sentence. In light of these facts, the Government, in its discretion, chose not to file a §5K1.1 motion.

The Court must bear in mind that its review of the Government's decision is of a limited nature. Having determined that it is within the Government's discretion to file a §5K1.1 motion, the Court finds that the decision was made in good faith. It appears from the record that the information Petitioner provided to the Government did not result in the arrest or prosecution of either Morales or Moore. Furthermore, according to Agent McNamara, law enforcement officials were already aware of the information Petitioner provided. Accordingly, the Government's decision was made in good faith.

Having found that Petitioner's claim is without merit, his request for an evidentiary hearing is denied.  Indeed, when a defendant files a motion under 28 U.S.C. § 2255 to attack his sentence,

> " … the question of whether to order a hearing is committed to the sound discretion of the district court… [The court may dispense with] an evidentiary hearing to determine the facts [if] the motion and files and records of the case show conclusively that the movant is not entitled to relief."

United States v. Day, 969 F.2d 39 (3rd Cir. 1992). As determined herein, the Court is satisfied with the Government's good faith reasoning for refusing to submit a downward departure motion. Thus, there is no need for an evidentiary hearing.

## II. Ineffective Assistance of Counsel

In his second claim, Petitioner contends that his Sixth Amendment right was violated because his counsel failed to object to the Government's refusal to file a downward departure motion. The Sixth Amendment[2] guarantees criminal defendants the right to effective assistance of counsel. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). This right to effective counsel also extends to appeals. See Evitts v. Lucey, 469, U.S. 387, 406 (1985).

In order to succeed on a claim of ineffective counsel, Petitioner must prove two elements pursuant to the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). First, Petitioner must show that counsel's performance (viewed as of the time of counsel's conduct) was inadequate and "fell below an objective standard of reasonableness;" in that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed [to] the defendant by the Sixth Amendment." Id. at 687-688. Petitioner must then show that the deficient performance prejudiced the defense. In other words, Petitioner must prove that there was "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. In the sentencing context, prejudice exists where the inadequate performance affected Petitioner's sentence. United States v. Hankerson, 496 F.3d

---

[2] The Sixth Amendment guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right … to have the Assistance of Counsel for his defense." (U.S. Const. amend. VI.)

303, 310 (3d Cir. 2007); See also Nunez v. United States, 2008 U.S. Dist. LEXIS 51688 (3d Cir. 2008).

The determination of counsel's ineffectiveness is highly deferential to counsel's professional judgments. See Jones v. Barnes, 463 U.S. 745, 754 (1983). "For Judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the very goal of vigorous and effective advocacy that underlies" counsel's ability to support his client. Id. When analyzing counsel's performance, a reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland, 466 U.S. at 689. Ineffectiveness can be shown "[w]here the deficiencies in counsel's performance are severe and cannot be characterized as the product of strategic judgment." United States v. Gray, 878 F.2d 702, 711 (3rd Cir. 1989).

Moreover, "[o]nly those habeas petitioners who can prove under Strickland that they have been denied a fair trial by the gross incompetence of their attorneys will be granted the writ and will be entitled to retrial without the challenged evidence." Kimmelman v. Morrison, 477 U.S. 365, 382 (1986).

When applying the first Strickland prong, defense counsel, Mr. Sweeney, was not inadequate when he failed to object to the government's refusal to file a downward departure motion. The Agreement leaves the decision of whether to seek a reduced sentence to the "sole discretion" of the government. As previously discussed, "[j]udicial scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 689. Therefore, in cases such as this, where there is a plea agreement between the Government and Petitioner, the only

9

requirement is that the decision be made in "good faith." As such, Mr. Sweeney's performance was not inadequate and his conduct did not fall below an objective standard of reasonableness. Indeed, Petitioner did not have the right to require the Government to submit a downward departure motion. Therefore, his counsel could not have provided ineffective assistance for refusing to object to something that Petitioner was not entitled.

Mr. Sweeney did, however, bring to the Court's attention Petitioner's cooperation, both in his sentencing brief and during the re-sentencing hearing. Specifically, Mr. Sweeney mentioned Petitioner's continued efforts to assist in the investigation and the apprehension of Morales and Moore. See Exhibit H. Importantly, this Court gave Rivera the benefit of those efforts by imposing a sentence at the low end of the guideline range. Id.

Accordingly, Petitioner's claim of ineffective assistance of counsel does not pass the first prong under the Strickland test. While it is not necessary to examine the second prong of prejudice under Strickland, after careful examination of the facts and circumstances of this case, it is clear that the result of the proceeding and the re-sentencing of Petitioner would not have been different had counsel objected to the Government's refusal to file a §5K1.1 motion. That decision was always in the Government's sole discretion. Therefore, Petitioner's claim of ineffective assistance of counsel is dismissed.

## III. Conclusion

After a thorough review of the facts and circumstances, the Government's refusal to submit a downward departure motion was made in good faith. Moreover, Petitioner's counsel was not ineffective because counsel's performance did not fall below an objective standard of reasonableness. For the foregoing reasons, the Court denies Petitioner's motion.

Dated: June 12, 2009                                    /s/ Freda L. Wolfson
                                                       FREDA L. WOLFSON
                                                       United States District Judge